People v White (2024 NY Slip Op 04655)

People v White

2024 NY Slip Op 04655

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND KEANE, JJ.

555 KA 23-00270

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
IONA E. WHITE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

TODD G. MONAHAN, LITTLE FALLS, FOR DEFENDANT-APPELLANT. 
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN (MORGAN R. MAYER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Jefferson County Court (David A. Renzi, J.), rendered September 19, 2022. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting her, upon her plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]) and, in appeal No. 2, she appeals from a judgment convicting her, upon her plea of guilty, of criminal possession of a controlled substance in the third degree (§ 220.16 [1]) under a separate indictment. Defendant contends in each appeal that her waiver of the right to appeal is invalid and that her sentence is unduly harsh and severe. We agree with defendant that her waivers of the right to appeal are invalid. Both written waivers used overbroad language that
" 'mischaracterized the nature of the right[s] that defendant was being asked to cede, portraying the waiver[s] as an absolute bar to defendant taking an appeal' " (People v Johnson, 192 AD3d 1494, 1495 [4th Dept 2021], lv denied 37 NY3d 965 [2021]; see People v Thomas, 34 NY3d 545, 565 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; People v St. Denis, 207 AD3d 1084, 1084 [4th Dept 2022]), and the oral colloquies did not cure those defects (see Thomas, 34 NY3d at 566; People v Fernandez, 218 AD3d 1257, 1258 [4th Dept 2023], lv denied 40 NY3d 1012 [2023]; People v Rumph, 207 AD3d 1209, 1210 [4th Dept 2022], 
lv denied 39 NY3d 1075 [2023]). Nevertheless, we conclude in each appeal that the sentence is not unduly harsh or severe.
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court